**Exhibit C**

SUPREME COURT OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------X
VICTORIA MALONE

        Plaintiff,

v.

TOWN OF CLARKSTOWN,
TOWN OF CLARKSTOWN HIGHWAY
DEPARTMENT, BRIAN LILLO, *in his*          **NOTICE OF CLAIM**
*personal and official capacity*, and FRANK
DIZENZO, *in his personal and official
capacity*,

        Defendants.
---------------------------------------------------------X

**To the attention of:**

Town of Clarkstown
Town Attorney
10 Maple Avenue
New City, NY 10956

    Please take notice that Victoria Malone, an employee of the Town of Clarkstown Highway Department (the "Department"), claims damages against the Town of Clarkstown (the "Town"), the Town of Clarkstown Highway Department, Frank DiZenzo, in his personal and official capacity as Superintendent of the Department, and Brian Lillo, in his personal and official capacity as an employee of the Department, and in accordance with the requirements of New York Municipal Law § 50-e, states as follows:

    1.    Claimant Victoria Malone is a 34-year-old woman residing at 135 West Nyack Road, Apartment 48, Nanuet, NY 10954. Ms. Malone is an employee of the Department holding the rank of Machine Equipment Operator ("MEO") II.

2.      Ms. Malone is represented by Catherine M. Foti and Miriam L. Glaser of Morvillo Abramowitz Grand Iason & Anello P.C., 565 Fifth Avenue, New York, NY 10017.

3.      The claims of Ms. Malone include personal injury (including but not limited to physical injury, intentional infliction of emotional distress, and corresponding lost income), gender discrimination, and hostile work environment for consequential, reputational, emotional, and punitive damages to the extent permitted under state and federal law.

4.      Brian Lillo, a member of Ms. Malone's work crew (the "tree crew") who was also senior to her in the Department hierarchy, has harassed and assaulted Ms. Malone both physically and verbally because of her gender. Lillo has long been known to the Department, including Frank DiZenzo, to be dangerous and unstable, having been repeatedly reprimanded for provoking verbal altercations with members of the Department, and having been told by his supervisors that the "next time" he acted out, he would be removed from the tree crew. Despite their threats of discipline, the "next time" that Lillo provoked an incident, Department supervisors, including Frank DiZenzo, failed to take any disciplinary action, much less remove him from the tree crew.

5.      In or about 2018, Lillo began taking out his physical aggression on Ms. Malone. Most recently, on June 28, 2018, on or near the premises of the Highway Department, having become angry that Ms. Malone had been assigned by their supervisor to do a job that Lillo preferred, Lillo kicked a chair at her and swung a chainsaw at her head. A supervisor for the tree crew observed some or all of Lillo's conduct toward Ms. Malone.

6.      Ms. Malone has claims of gender discrimination, hostile work environment, equal protection violations, and failure to protect in violation of federal and state law against all defendants, including but not limited to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

2

PAGE 2/4 * RCVD AT 9/21/2018 3:22:41 PM [Eastern Daylight Time] * SVR:FAX6/2 * DNIS:8051366 * CSID:8452687538 * ANI: * DURATION (mm-ss):01-33

1983 and 2000e *et seq.*, New York State Human Rights Law § 290 *et seq.*, New York Labor Law § 200 *et seq.*, and New York Civil Rights Law § 40 *et seq.* The defendants' illegal conduct consists, *inter alia*, of engaging in, or permitting and/or causing others to engage in, a pattern of adverse employment actions, hostile treatment, disparate treatment, and retaliatory actions towards Ms. Malone.

7.  Ms. Malone has tort claims against all defendants, including but not limited to personal injury, assault and battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Ms. Malone has suffered severe physical and emotional repercussions from Lillo's conduct, caused by sustained physical and emotional abuse.

8.  By the conduct of the defendants, Ms. Malone is entitled to the following damages: (i) consequential damages; (ii) reputational damages; (iii) emotional damages; (iv) punitive damages; (v) lost wages; and (vi) attorneys' fees. As a result, Ms. Malone has suffered monetary damages of an amount to be proved at trial. Thus, Ms. Malone claims damages against defendants.

3

PAGE 3/4 * RCVD AT 9/21/2018 3:22:41 PM [Eastern Daylight Time] * SVR:FAX6/2 * DNIS:8051366 * CSID:8452687538 * ANI: * DURATION (mm-ss):01-33

I, Victoria Malone, am the Claimant in the above entitled action. I have read the foregoing and know the contents thereof. The contents are true to the best of my own knowledge except as to matters therein stated to be alleged upon information and belief, and to those matters I believe them to be true.

*Victoria Malone*

State of New York
County of New York

Sworn to before me this
21 day of September, 2018

_____
Notary Public

MALGORZATA MOSEJCZUK
Notary Public, State of New York
No. 01MO6209868
Qualified in Rockland County
Commission Expires Aug. 3, 2021

4