UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VICTORIA MALONE,
          Plaintiff,

v.

TOWN OF CLARKSTOWN; TOWN OF
CLARKSTOWN HIGHWAY DEPARTMENT;
WAYNE BALLARD, in his personal and
official capacity as Clarkstown Highway
Superintendent; FRANK DIZENZO, in his
personal and official capacity as Clarkstown
Highway Superintendent; ANDREW
LAWRENCE, in his personal and official
capacity; DAVID SALVO, in his personal and
official capacity; ROBERT KLEIN, in his
personal and official capacity; TUCKER
CONNINGTON, in his personal and official
capacity; and BRIAN LILLO, in his personal
and official capacity,
          Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 5503 (VB)

      On September 3, 2019, defendants Town of Clarkstown, Town of Clarkstown Highway Department, Andrew Lawrence, David Salvo, Robert Klein, and Tucker Connington (collectively, the "Town defendants") moved to dismiss the complaint. (Doc. #56). Defendant Wayne Ballard answered the complaint on August 29, 2019 (Doc. #55), and defendant Frank Dizenzo's deadline to answer, move, or otherwise respond to the complaint is September 10, 2019 (Doc. #60). Defendant Brian Lillo failed to answer, move, or otherwise respond to the complaint by his September 3, 2019, deadline. (Doc. #53).

      In order to efficiently manage motion practice in this case, it is hereby ORDERED that plaintiff's deadline to oppose the Town defendants' motion to dismiss is STAYED.

      Further, by no later than 10 days after <u>all</u> defendants have answered, moved, or otherwise responded to the complaint, plaintiff must notify the Court by letter whether (i) she intends to file an amended complaint in response to any of the defendants' motions to dismiss, or (ii) she will rely on the complaint that is the subject of the motion or motions to dismiss.

      If plaintiff elects not to file an amended complaint, any motions to dismiss will proceed in the regular course, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion. See <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held

proper, such as undue delay, bad faith, dilatory motive, and futility"). If plaintiff elects not to amend, plaintiff shall file a single opposition to all pending motions to dismiss by no later than 14 days after all defendants have answered, moved, or otherwise responded to the complaint. Defendants' replies, if any, will be due 7 days after plaintiff's opposition is filed.

If plaintiff elects to file an amended complaint, she must file the amended complaint by no later than 14 days after notifying the Court of her intent to do so. Within 21 days of such amendment, defendants may either (i) file an answer to the amended complaint, (ii) file a motion to dismiss the amended complaint, or (iii) notify the Court by letter that they are relying on the initially filed motion to dismiss, if applicable.

In addition, the Court sua sponte extends defendant Brian Lillo's time to answer, move, or otherwise respond to the complaint to September 10, 2019. **If Lillo fails to answer, move, or otherwise respond to the complaint or seek further extension of time to do so by that date, the Court will direct plaintiff to move for default judgment against him**.

Dated: September 4, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge