UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VICTORIA MALONE

        Plaintiff(s),

v.

TOWN OF CLARKSTOWN, WAYNE BALLARD, *in his personal and official capacity as Clarkstown Highway Superintendent*, FRANK DIZENZO, *in his personal and official capacity as Clarkstown Highway Superintendent*, ANDREW LAWRENCE, *in his personal and official capacity*, DAVID SALVO, *in his personal and official capacity*, ROBERT KLEIN, *in his personal and official capacity*, TUCKER CONNINGTON, *in his personal and official capacity*, and BRIAN LILLO, *in his personal and official capacity*,

        Defendant(s).

------------------------------------------------------------------x

~~[PROPOSED]~~

**CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

7:19-CV-05503 (VB)



[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 10/23/19]

  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.  All parties <u>do not consent</u> to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.  This case <u>is</u> to be tried to a jury.

3.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by <u>November 22, 2019\*</u>. (Absent exceptional circumstances, 30 days from date of this Order.)

  [\* ~~The parties disagree as to whether this provision applies.~~ Plaintiff believes that ~~Rule 16(b)(3)(A) ("Required Contents") requires the inclusion of this provision, as well as a corresponding control~~ date to "limit the time to join other

1

parties" and "amend the pleadings."  Plaintiff accepts this Court's earlier September 5, 2019 admonition noting that it was "unlikely to grant plaintiff a further opportunity to amend" following the October 15, 2019 filing of plaintiff's amended complaint.  See Dkt. No. 61.  That said, plaintiff believes that Rule 16 requires the inclusion of this provision and a control date.  Accordingly, plaintiff have proposed November 22, 2019.  Defendants have proposed eliminating this provision, or else setting the control date as October 15, 2019.]

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by November 6, 2019*. (Absent exceptional circumstances, 14 days from date of this Order.)

   [* The counsel for plaintiff Victoria Malone and defendant Wayne Ballard disagree on which date should apply. Counsel for Mr. Ballard has proposed moving this date by one or two weeks.  Counsel for Ms. Malone has proposed keeping this default date of November 6, 2019.  While plaintiff's counsel is mindful of counsel for Mr. Ballard's ongoing responsibilities in other matters, in light of the parties' proposed schedule and the length of time this case has been on file, counsel for Ms. Malone proposes to keep the default date and have Mr. Ballard's counsel supplement his response, in accordance with Rule 26(e).]

5. Fact Discovery

   a. All fact discovery shall be completed by February 20, 2020. (Absent exceptional circumstances, a period not to exceed 120 days from date of this Order.)

   b. Initial requests for production of documents shall be served by November 16, 2019.  Subsequent requests for the production of documents may be served at a later date, but no later than January 17, 2020.

   c. Interrogatories shall be served by January 17, 2020.

   d. Non-expert depositions shall be completed by February 20, 2020.

   e. Requests to admit shall be served by January 17, 2020.

   f. Any of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

   a. All expert discovery, including expert depositions, shall be completed by <u>April 6, 2020</u>. (Absent exceptional circumstances, 45 days from date in paragraph 5(a); <u>i.e.</u>, the completion of all fact discovery.)

   b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by <u>January 22, 2020*</u>.

   c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by <u>February 20, 2020*</u>.

   [* ~~The parties disagree as to whether the timing requirements of 6b and 6c should be modified to apply to both sets of parties. Counsel for defendants have not been able to say whether an expert would be required to prove up any defendant's asserted (or to be asserted) affirmative defense in this case. Accordingly, to the extent any defendant later seeks to introduce an expert to prove up such a defense, plaintiff's counsel proposes that these dates be applied to both sets of parties.~~] *VB*

   d. The interim deadlines in paragraphs 6(b) and 6(c) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions agreed upon by the parties are attached hereto and made a part hereof.* [* ~~The defendants have proposed adding the following language:~~ *VB* "Because the Town Defendants will be moving to dismiss based on plaintiff's release of all claims prior to April 29, 2016, discovery is limited to conduct that occurred after April 29, 2016. All other discovery is held in abeyance pending determination of the Defendants' motions to dismiss. If the motions to dismiss are denied, such that pre-April 29, 2016 discovery becomes relevant, the parties may seek additional time for discovery from the court." Plaintiff's counsel objects to including this language, given the Court's earlier decision rejecting defendants' proposal to stay certain discovery. See also Fed. R. Civ. P. 1.]

8. **ALL DISCOVERY SHALL BE COMPLETED BY <u>April 20, 2020</u>**. (Absent exceptional circumstances, a period not to exceed 6 months from date of this Order.)

9. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

10. Unless otherwise ordered by the Court, within 30 days after the date for the

3

completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

11. The parties have conferred and their present best estimate of the length of the trial is <u>five to seven</u> days.

12. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(d) above).

13. The Magistrate Judge assigned to this case is the Honorable Paul E. Davison.

14. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

15. The next case management conference is scheduled for  4/24/20 at 9:30 a.m. (The Court will set this date at the initial conference.)

Dated: White Plains, NY
10/23/19

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

16. By 12/23/19, counsel shall submit joint letter regarding settlement.

4