UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Docket No.: 19-CV-05503 (VB)

VICTORIA MALONE,

                              Plaintiff,

        -against-                               **TOWN DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

THE TOWN OF CLARKSTOWN, WAYNE BALLARD, in his personal and official capacity as Clarkstown Highway Superintendent, FRANK DIZENZO, in his personal and official capacity as Clarkstown Highway Superintendent, ANDREW LAWRENCE, in his personal and official capacity, DAVID SALVO, in his personal and official capacity, ROBERT KLEIN, in his personal and official capacity, TUCKER CONNINGTON, in his personal and official capacity, and BRIAN LILLO, in his personal and official capacity,

                              Defendants.
------------------------------------------------------------------------X

        Defendants the Town of Clarkstown, Andrew Lawrence, David Salvo, Robert Klein, and Tucker Connington (the "Town Defendants'), as and for their answer to the amended complaint of plaintiff Victoria Malone, hereby allege as follows.

        1.       Deny the truth of any factual allegations contained in paragraph 1 of the amended complaint.

        2.       Deny the truth of the allegations contained in paragraph 2 of the amended complaint.

        3.       Deny the truth of the allegations contained in paragraph 3 of the amended complaint.

        4.       Deny the truth of the allegations contained in paragraph 4 of the amended complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the amended complaint, and refer all questions of law to the court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the amended complaint, and refer all questions of law to the court.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint, and refer all questions of law to the court.

8. Admit the allegations contained in paragraph 8 of the amended complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the amended complaint, and refer all questions of law to the court.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the amended complaint, and refer all questions of law to the court.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the amended complaint.

12. Admit the allegations contained in paragraph 12 of the amended complaint.

13. Admit the allegations contained in paragraph 13 of the amended complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the amended complaint, except admit that Wayne Ballard was the Superintendent of the Highway Department.

15. Admit the allegations contained in paragraph 15 of the amended complaint.

16. Admit the allegations contained in paragraph 16 of the amended complaint.

17. Admit the allegations contained in paragraph 17 of the amended complaint.

18. Admit the allegations contained in paragraph 18 of the amended complaint.

19. Admit the allegations contained in paragraph 19 of the amended complaint.

20. Admit the allegations contained in paragraph 20 of the amended complaint.

21. Deny the allegations contained in paragraph 21 of the amended complaint, except admit that Plaintiff began working at the Highway Department in 2003 and began working at the Highway Department full-time in 2009.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the amended complaint.

23. Deny the allegations contained in paragraph 23 of the amended complaint.

24. Deny the allegations contained in paragraph 24 of the amended complaint, except admit that Plaintiff began working full time at the Highway Department in 2009.

25. Deny the allegations contained in paragraph 25 of the amended complaint.

26. Deny the allegations contained in paragraph 26 of the amended complaint.

27. Deny the allegations contained in paragraph 27 of the amended complaint.

28. Deny the allegations contained in paragraph 28 of the amended complaint.

29. Deny the allegations contained in paragraph 29 of the amended complaint, except admit that Plaintiff's father ran for Superintendent of the Highway Department.

30. Deny the allegations contained in paragraph 30 of the amended complaint, except admit that Ms. Malone signed a Stipulation of Settlement and General Release, which is attached hereto as Exhibit A.

31. Deny the allegations contained in paragraph 31 of the amended complaint.

32. Deny the allegations contained in paragraph 32 of the amended complaint.

33. Deny the allegations contained in paragraph 33 of the amended complaint, except admit that Frank DiZenzo became Highway Superintendent in or about 2016.

34. Deny the allegations contained in paragraph 34 of the amended complaint.

35. Deny the allegations contained in paragraph 35 of the amended complaint.

36. Deny the allegations contained in paragraph 36 of the amended complaint except admit that Plaintiff has left work to seek medical treatment for poison ivy.

37. Deny the allegations contained in paragraph 37 of the amended complaint.

38. Deny the allegations contained in paragraph 38 of the amended complaint.

39. Deny the allegations contained in paragraph 39 of the amended complaint.

40. Deny the allegations contained in paragraph 40 of the amended complaint.

41. Deny the allegations contained in paragraph 41 of the amended complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the amended complaint.

43. Deny the allegations contained in paragraph 43 of the amended complaint.

44. Deny the allegations contained in paragraph 44 of the amended complaint, except admit that the Town investigated Plaintiff's complaint.

45. Deny the allegations contained in paragraph 45 of the amended complaint, except admit that the Town investigated Plaintiff's complaint.

46. Deny the allegations contained in paragraph 46 of the amended complaint.

47. Deny the allegations contained in paragraph 47 of the amended complaint.

48. Deny the allegations contained in paragraph 48 of the amended complaint, except admit that a cable snapped on a roll-off truck used by Plaintiff.

49. Deny the allegations contained in paragraph 49 of the amended complaint, except admit that a tire slid off a snowplow used by Plaintiff.

50. Deny the allegations contained in paragraph 50 of the amended complaint.

51. Deny the allegations contained in paragraph 51 of the amended complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the amended complaint.

### As and for a Response to Plaintiff's First Cause of Action

### (Gender Discrimination: Section 1983 Against the Town)

53. Repeat and reallege each of the foregoing responses as if fully set forth herein.

54. Deny the allegations contained in paragraph 54 of the amended complaint.

55. Deny the allegations contained in paragraph 55 of the amended complaint, and refer all questions of law to the court.

56. Deny the allegations contained in paragraph 56 of the amended complaint, and refer all questions of law to the court.

57. Deny the allegations contained in paragraph 57 of the amended complaint, and refer all questions of law to the court.

58. Deny the allegations contained in paragraph 58 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Second Cause of Action

### (Gender Discrimination: Section 1983 Against the Individual Defendants)

59. Repeat and reallege each of the foregoing responses as if fully set forth herein.

60. Deny the allegations contained in paragraph 60 of the amended complaint, and refer all questions of law to the court.

61. Deny the allegations contained in paragraph 61 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Third Cause of Action

### (Gender Discrimination: NYSHRL Against All Defendants)

62. Repeat and reallege each of the foregoing responses as if fully set forth herein.

63. Deny the allegations contained in paragraph 63 of the amended complaint, and refer all questions of law to the court.

64. Deny the allegations contained in paragraph 64 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Fourth Cause of Action

### (Retaliation: NYSHRL Against All Defendants)

65. Repeat and reallege each of the foregoing responses as if fully set forth herein.

66. Deny the allegations contained in paragraph 66 of the amended complaint, and refer all questions of law to the court.

67. Deny the allegations contained in paragraph 67 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Fifth Cause of Action

### (Assault and Battery Against Klein, Salvo and Lillo)

68. Repeat and reallege each of the foregoing responses as if fully set forth herein.

69. Deny the allegations contained in paragraph 69 of the amended complaint, and refer all questions of law to the court.

70.  Deny the allegations contained in paragraph 70 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Sixth Cause of Action

### (Intentional Infliction of Emotional Distress Against All Individual Defendants)

71.  Repeat and reallege each of the foregoing responses as if fully set forth herein.

72.  Deny the allegations contained in paragraph 72 of the amended complaint, and refer all questions of law to the court.

73.  Deny the allegations contained in paragraph 73 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Seventh Cause of Action

### (Gender Discrimination: Title VII Against the Town)

74.  Repeat and reallege each of the foregoing responses as if fully set forth herein.

75.  Deny the allegations contained in paragraph 75 of the amended complaint, and refer all questions of law to the court.

76.  Deny the allegations contained in paragraph 76 of the amended complaint, and refer all questions of law to the court.

### As and for a Response to Plaintiff's Eighth Cause of Action

### (Retaliation: Title VII Against the Town)

77.  Repeat and reallege each of the foregoing responses as if fully set forth herein.

78.  Deny the allegations contained in paragraph 78 of the amended complaint, and refer all questions of law to the court.

79.  Deny the allegations contained in paragraph 79 of the amended complaint, and refer all questions of law to the court.

**As and for a Response to Plaintiff's Ninth Cause of Action**

**(Retaliation by Witness Deterrence/Intimidation: 42 U.S.C. § 1985(2) Against the Town and DiZenzo)**

80. Repeat and reallege each of the foregoing responses as if fully set forth herein.

81. Deny the allegations contained in paragraph 81 of the amended complaint, and refer all questions of law to the court.

82. Deny the allegations contained in paragraph 82 of the amended complaint, and refer all questions of law to the court.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

83. The amended complaint fails to state a claim upon which relief may be granted

**SECOND AFFIRMATIVE DEFENSE**

84. The complaint fails to assert a *prima facie* claim that plaintiff was subjected to adverse employment action under circumstances giving rise to an inference of discrimination.

**THIRD AFFIRMATIVE DEFENSE**

85. At all times relevant to the acts alleged in the amended complaint, all actions or decisions taken with respect to the Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

86. Plaintiff was not subjected to conduct that a reasonable person would find hostile or abusive, or that Plaintiff subjectively perceived as hostile or abusive.

## FIFTH AFFIRMATIVE DEFENSE

87. The conduct complained of consists of nothing more than petty slights and trivial inconveniences and therefore is not actionable.

## SIXTH AFFIRMATIVE DEFENSE

88. Plaintiff has not alleged sufficient facts by which it can be plausibly inferred that she was subjected to retaliation for engaging in protected activity.

## SEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff has failed to allege municipal policy or practice sufficient to establish a viable claim for relief under 42 U.S.C. § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

90. The amended complaint may be barred, in whole or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

91. The amended complaint may be barred, in whole or in part, by the Release signed by Plaintiff and attached hereto as Exhibit A.

## TENTH AFFIRMATIVE DEFENSE

92. The amended complaint may be barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies, or both.

## ELEVENTH AFFIRMATIVE DEFENSE

8003481v.1

93. The amended complaint may be barred, in whole or in part, by Plaintiff's failure to comply with the provisions of N.Y. General Municipal Law § 50-e and § 50-i regarding the filing of a notice of claim.

### TWELFTH AFFIRMATIVE DEFENSE

94. At all times relevant to the acts alleged in the amended complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, non-retaliatory legitimate business reasons, and without malice or willful intent to violate any applicable law, rule, or regulation.

### THIRTEENTH AFFIRMATIVE DEFENSE

95. Defendant exercised reasonable care to prevent and promptly eliminate any harassing behavior.

### FOURTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Town of Clarkstown to its employees.

### FIFTEENTH AFFIRMATIVE DEFENSE

97. The harassing and/or discriminatory or retaliatory behavior alleged in the amended complaint is not imputable to the Town of Clarkstown.

### SIXTEENTH AFFIRMATIVE DEFENSE

98. Plaintiff was not subjected to an illegal hostile work environment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

99. Plaintiff was never subjected to an adverse employment action for purposes of any claim of discrimination or retaliation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

100. Subject to proof of discovery, the damage claims contained in the amended complaint are barred, in whole or in part, by the failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

101. Any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

102. The individual defendants are entitled to governmental immunity.

WHEREFORE, the Town Defendants respectfully request judgment as follows:

1. Dismissing Plaintiff's amended complaint with prejudice;

2. Reimbursement of costs, expenses and attorney's fees incurred in the defense of this action; and

3. Such other, different and further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York
November 19, 2019

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ
    EDELMAN & DICKER LLP
    Attorneys for the Town Defendants


    /s/ *Eliza M. Scheibel*_____
    John M. Flannery
    Eliza M. Scheibel

1133 Westchester Avenue
White Plains, NY  10604
(914) 323-7000
Our File No. 12129.00297

8003481v.1