# Exhibit A

RECEIVED
MAY 1 1 2016
TOWN OF CLARKSTOWN
POLICE DEPARTMENT

## STIPULATION OF SETTLEMENT AND GENERAL RELEASE

This Stipulation of Settlement and General Release ("Agreement") is entered into by and among the Town of Clarkstown (the "Town"), the Civil Service Employees Association, Local 860, CSEA Local 1000, AFSCME, AFL-CIO ("CSEA") and Victoria Malone ("Malone"), dated this __ day of April, 2016.

WHEREAS, Malone is currently employed by the Town as a Motor Equipment Operator I in the Town's Highway Department and is represented by the CSEA; and

WHEREAS, The Town and the CSEA have entered into a collective bargaining agreement covering the terms and conditions of Malone's employment with the Town ("CBA"); and

WHEREAS, Malone applied for a promotion to the position of Motor Equipment Operator II pursuant to a posting dated January 28, 2013; and

WHEREAS, Malone was not selected for and appointed to the position of Motor Equipment Operator II; and

WHEREAS, on or about June 16, 2014, the CSEA filed a grievance on Malone's behalf pursuant to the CBA alleging violation of various contractual provisions of the CBA in connection with Malone's non-selection for the Motor Equipment Operator II promotion ("Grievance"); and

WHEREAS, the Grievance was rejected at each step of the grievance procedure, set forth in the CBA, and the Town denied the arbitrability of the Grievance under said procedure; and

WHEREAS, on or about April 10, 2015, the CSEA filed a verified petition pursuant to Article 75 of the New York State Civil Practice Law and Rules, Index No. 031554/2015 ("Verified Petition") seeking to compel arbitration of the Grievance; and

WHEREAS, an arbitration hearing on this Grievance is now scheduled before the American Arbitration Association on or about June 15, 2016 ("Arbitration Hearing"); and

WHEREAS, Malone is aware of her rights to pursue arbitration of this Grievance; and

WHEREAS, the Town, the CSEA and Malone wish to resolve this matter without the burden and expense of arbitration/litigation.

NOW, THEREFORE, in exchange for the mutual promises contained herein, the sufficiency of which is hereby acknowledged, it is stipulated and agreed as follows:

1. The CSEA agrees to withdraw, with prejudice, the Grievance, the Verified Petition and the Arbitration Hearing, and to cancel the Arbitration Hearing within five (5) days of the Effective Date of this Agreement. Malone acknowledges and agrees to said withdrawal with prejudice of the Grievance, the Verified Petition and the Arbitration Hearing and cancellation of the Arbitration Hearing.

2. In exchange, the Town agrees to promote Malone to the position of Motor Equipment Operator II at the top step of the salary schedule, which is 23 F, effective January 1, 2016.

3. In exchange for the consideration recited herein, the sufficiency of which is hereby recognized, Malone fully, forever, irrevocably and unconditionally releases the Town, its elected officials, departments, officers, employees, agents and representatives, past present and future (collectively "Releasees" or "Town") from any and all claims, controversies, liabilities, complaints, petitions, demands, causes of action, debts, obligations, promises, acts, agreements, attorney's fees, indemnification, orders, memoranda, judgments, penalties, fines, and damages of whatever kind and nature, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or contingent, actual or potential, jointly or individually, that Malone has had or now has, based on any and all aspects of her employment with the Town and/or any terms, conditions and/or changes in the terms and conditions of her employment with the Town, including, but not limited to the Grievance, the Verified Petition and/or the Arbitration Hearing and any underlying claims related thereto, claims under 42 U.S.C. §§ 1983-1988, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Equal Pay Act, as amended, the Americans with Disabilities Act, as amended, the Employee Retirement Income Security Act, as amended, the New York State Labor Law, the New York State Human Rights Law, the New York State Civil Service Law, including, but not limited to the Public Employees Fair Employment Act (Taylor Law), the New York State Public Employees Safety and Health Act, the New York State General Municipal Law, the New York State Town Law, Article 78 of the New York State Civil Practice Law and Rules, and any federal, state or local law (statutory or decisional), regulation, rule or ordinance, relating to employment or benefits appertaining thereto; all claims for breach of express or implied contract or the covenant of good faith and fair dealing (whether written or oral); all claims for civil rights violations, retaliation or violation of public policy, breach of promise, detrimental reliance or tort (e.g. assault, battery, intentional or negligent infliction of emotional distress, defamation, constructive discharge, invasion of privacy, interference with contractual or advantageous relationship, etc.), whether based in common law or otherwise; all claims for emotional distress or mental anguish, personal injury, loss of consortium, attorney's fees or costs; and any and all claims that may be asserted on Malone's behalf by others. Malone also agrees to withdraw, with prejudice, any pending claims of any type that she may have against the Town in any forum, including, but not limited to the Grievance, the Verified Petition and/or the Arbitration Hearing. Malone further agrees to hold the Town harmless from any claims, costs, penalties and/or liabilities of any type related to her employment

with the Town.

4. Malone acknowledges and agrees that she has been advised to consult with an attorney and she has consulted with her attorney, Russell Wheeler, Esq. of Charney & Associates prior to signing this Agreement and that she is entering into this Agreement voluntarily, knowingly and of her free will.

5. Malone states and affirms that she has been fully and fairly represented by the CSEA in this matter and the Grievance that is the subject of this Agreement.

6. This Agreement shall be binding upon the parties hereto and may not be released, discharged, abandoned, supplemented, amended, changed or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by a duly authorized representative or each of the parties hereto.

7. This Agreement constitutes the entire understanding and agreement of the parties hereto with respect to the matters which are the subject of this Agreement, and it supersedes and cancels all prior negotiations, agreements, commitments, communication and understandings, written or oral, among Malone, the CSEA and the Town.

8. This Agreement shall be governed by the laws of the State of New York (regardless of conflict of law principles) as to all matters including, but not limited to, validity, performance, construction, effect and remedies.

9. Nothing contained herein shall constitute a practice or precedent for any dealing between the CSEA and the Town in the future.

10. This Agreement may be executed in separate counterparts, each of which shall constitute an original.

Agreed to by:

_____   _Elain Apell_____   _____
Victoria Malone            For the CSEA          Frank DiZenzo,
                                                 Superintendent of Highways

Dated: __4-29-16__      Dated: __4-29-16__       Dated: __4/29/16__

3