UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Docket No.: 19-CV-05503-VB

VICTORIA MALONE,                                      :

Plaintiff,                                            :

-against-                                             :

                                                      :    **STIPULATION AND**

THE TOWN OF CLARKSTOWN, WAYNE          :    **PROTECTIVE ORDER**
BALLARD, in his personal and official capacity as   :
Clarkstown Highway Superintendent, FRANK            :
DIZENZO, in his personal and official capacity as   :
Clarkstown Highway Superintendent, ANDREW           :
LAWRENCE, in his personal and official capacity,    :
DAVID SALVO, in his personal and official           :
capacity, ROBERT KLEIN, in his personal and         :
official capacity, TUCKER CONNINGTON, in his        :
personal and official capacity, and BRIAN LILLO,    :
in his personal and official capacity,              :

                                                      :
Defendants.                                           :
-------------------------------------------------------------------X


WHEREAS, the Parties having agreed to the following terms of confidentiality, and
the Court having found that good cause exists for the issuance of an appropriately
tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil
Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the
information and documents exchanged by the parties in connection with the pre-
trial phase of this action:

1.    Counsel for any party may designate any document or information, in
      whole or in part, as confidential if counsel determines, in good faith, that
      such designation is necessary to protect the interests of the client in
      information that is proprietary, a trade secret or otherwise sensitive non-
      public information such as personnel files of current and former employees
      and related documents, compensation and benefits of current and former
      employees, medical and mental health information, and other non-public
      Town documents. Information and documents designated by a party as
      confidential will be stamped "CONFIDENTIAL."

1

2.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed Confidential within the meaning of this Stipulation and Protective Order, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be marked "CONFIDENTIAL."

4.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.  The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.  Before disclosing or displaying the Confidential Information to any person, counsel must:

    a.  Inform the person of the confidential nature of the information or documents;

    b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.  Require each such person from category 4(c) above to sign an agreement to be bound by this Order in the form attached hereto.

7.  The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.  The producing party shall redact any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) prior to production. Any PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9.  Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. All Confidential Materials filed with the Court may be redacted or filed under seal only as set forth below:

    a.  To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree in writing that a particular document that has been designated Confidential Material shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.

    b.  Where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

    c.  Any party wishing to redact Confidential Information from any Court submission, based on the party's designation of information as Confidential, must make a specific request to the Court in accordance with the applicable court rules. If a request for redactions is based on another party's designation of information as Confidential, the parties shall confer and jointly submit the request for redactions. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Information produced by the producing party in any manner.

13. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from seeking, either by Stipulation or by Order of the Court, the protection of this Order for other materials reasonably deemed to be Confidential Information or otherwise appropriate for confidential treatment.

14. This stipulation may be executed in counterparts.

15. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**SO STIPULATED AND AGREED.**

Dated: White Plains, New York
      December 23, 2019

_____
Adam Pollock
Christopher K. Leung
Pollock Cohen LLP
60 Broad Street, 24th Floor
New York, New York 10004
212-337-5361
Adam@PollockCohen.com
Chris@PollockCohen.com

*Attorneys for Plaintiff Victoria Malone*

/s/ Eliza M. Scheibel
_____
Eliza M. Scheibel
John M. Flannery
Wilson Elser Moskowitz
Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
914-323-7000
Eliza.Scheibel@wilsonelser.com
John.Flannery@wilsonelser.com

*Attorneys for the Town of Clarkstown,*
*Andrew Lawrence, Robert Klein, Tucker*
*Connington, and David Salvo*

/s/ Lawrence Garvey
_____
Lawrence A. Garvey
Lawrence A. Garvey & Associates P.C.
235 Main Street, Suite 630
White Plains, New York 10601
(914) 946-2200
Lgarvey@laglawfirm.com

*Attorneys for Defendant Frank DiZenzo*

_____
Kyle McGovern
Lisa Fantino
Lyons McGovern LLP
399 Knollwood Road, Suite 216
White Plains, New York 10603
914-631-1336
lfantino@lyons-mcgovern.com
kmcgovern@lyons-mcgovern.com

*Attorneys for Defendant Brian Lillo*

**SO ORDERED:**

_____
Hon. Vincent L. Briccetti
United States District Judge

**SO STIPULATED AND AGREED.**

Dated: White Plains, New York
         December 23, 2019


_/s/ Christopher K. Leung_
Adam Pollock
Christopher K. Leung
Pollock Cohen LLP
60 Broad Street, 24th Floor
New York, New York 10004
212-337-5361
Adam@PollockCohen.com
Chris@PollockCohen.com

_Attorneys for Plaintiff Victoria Malone_


Eliza M. Scheibel
John M. Flannery
Wilson Elser Moskowitz
Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
914-323-7000
Eliza.Scheibel@wilsonelser.com
John.Flannery@wilsonelser.com

_Attorneys for the Town of Clarkstown,_
_Andrew Lawrence, Robert Klein, Tucker_
_Connington, and David Salvo_


Lawrence A. Garvey
Lawrence A. Garvey & Associates P.C.
235 Main Street, Suite 630
White Plains, New York 10601
(914) 946-2200
Lgarvey@laglawfirm.com

_Attorneys for Defendant Frank DiZenzo_


Kyle McGovern
Lisa Fantino
Lyons McGovern LLP
399 Knollwood Road, Suite 216
White Plains, New York 10603
914-631-1336
lfantino@lyons-mcgovern.com
kmcgovern@lyons-mcgovern.com

_Attorneys for Defendant Brian Lillo_


**SO ORDERED:**


Hon. Vincent L. Briccetti
United States District Judge

SO STIPULATED AND AGREED.

Dated: White Plains, New York
        December 23, 2019


_____
Adam Pollock
Christopher K. Leung
Pollock Cohen LLP
60 Broad Street, 24th Floor
New York, New York 10004
212-337-5361
Adam@PollockCohen.com
Chris@PollockCohen.com

*Attorneys for Plaintiff Victoria Malone*


_____
Eliza M. Scheibel
John M. Flannery
Wilson Elser Moskowitz
Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
914-323-7000
Eliza.Scheibel@wilsonelser.com
John.Flannery@wilsonelser.com

*Attorneys for the Town of Clarkstown,
Andrew Lawrence, Robert Klein,
Tucker Connington, and David Salvo*


_____
Lawrence A. Garvey
Lawrence A. Garvey & Associates P.C.
235 Main Street, Suite 630
White Plains, New York 10601
(914) 946-2200
Lgarvey@laglawfirm.com

*Attorneys for Defendant Frank DiZenzo*


_____
Kyle McGovern
Lisa Fantino
Lyons McGovern LLP
399 Knollwood Road, Suite 216
White Plains, New York 10603
914-631-1336
lfantino@lyons-mcgovern.com
kmcgovern@lyons-mcgovern.com

*Attorneys for Defendant Brian Lillo*


SO ORDERED:


_____
Hon. Vincent L. Briccetti
United States District Judge


5

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I further agree to return or destroy any copies (including electronic copies) of documents containing Confidential Information in accordance with the paragraph 11 of the Stipulation and Protective Order.


Dated:


_____

Signed in the presence of:


_____

(Attorney)