Case 7:19-cv-05503-VB   Document 92   Filed 12/23/19   Page 1 of 2

# POLLOCK | COHEN LLP
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

CONTACT:
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

> The Court will not refer this case for mediation at this time. By 1/21/2020, the parties shall provide further update regarding settlement and whether both plaintiff and defendants consent to mediation.
>
> SO ORDERED.
>
> Vincent L. Briccetti, U.S.D.J., 12/27/2019

**VIA ECF**

Hon. Vincent L. Briccetti
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 620
White Plains, NY 10601

Re: *Malone v. Town of Clarkstown et al.*, No. 7:19-cv-05503-VB

Dear Judge Briccetti:

We represent plaintiff in the above-referenced action. Pursuant to this Court's Scheduling Order (ECF No. 76) and direction at the October 23, 2019 initial conference, the parties in the above-referenced action submit this joint letter concerning (1) the status of the parties' settlement discussions; and (2) each party's view on the value of mediation at this stage of the litigation or following some other time or event.

Settlement Status: We understand that prior counsel had conveyed a settlement demand before we began our representation of plaintiff. Defendants assert that no demand was conveyed. In any event, no substantive discussions have occurred since the time that the above-referenced matter was filed.

Views on Mediation:

Plaintiff believes that mediation is always worthwhile and would convey a formal settlement demand in connection with such mediation.

Plaintiff further notes that this judicial district's Second Amended Standing Administrative Order (M10-468) automatically refers employment discrimination cases (such as plaintiff's) to court-sponsored mediation, unless otherwise ordered by a court. *See* U.S.D.C., S.D.N.Y., Mediation / ADR.[1] Here, mediation would most benefit the parties following their exchange and review of documents and before the scheduling of any noticed depositions. Plaintiff expects to complete production of paper and electronic documents by mid-January

---

[1] *Available at* https://nysd.uscourts.gov/sites/default/files/pdf/2015-SecondAmendedStandingAdminOrder-Counseled-Employment.pdf.

Hon. Vincent Briccetti
December 23, 2019
Page 2 of 2

2020. Under the parties' current Scheduling Order, non-expert depositions are to be completed by February 20, 2020.

Defendants state as follows: Given the early stage of fact discovery, the parties have not yet engaged in serious settlement discussions, but hope to do so early in the new year. While both parties believe that a referral for mediation could be beneficial in the future, Defendants cannot comment on the utility of mediation until they receive a formal demand from Plaintiff.

Thank you for Your Honor's consideration in this matter.

Sincerely,

/s/ *Adam Pollock*

Adam Pollock

POLLOCK | COHEN LLP