# WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Eliza M. Scheibel<br>
Direct dial: (914) 872-7303<br>
eliza.scheibel@wilsonelser.com

April 27, 2020

**By ECF**

Hon. Paul E. Davison
United States Magistrate Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re**:  Victoria Malone v. Town of Clarkstown, *et al.* Docket No. 19 CV 5503 (VB)
Our File No.: 12129.00297

Dear Judge Davison:

We represent defendants the Town of Clarkstown, Tucker Connington, David Salvo, and Robert Klein (the "Town Defendants") in the above-captioned action. We write in response to Plaintiff's April 26, 2020 letter regarding Plaintiff's document request for the entire personnel files of the current and former defendants. The Town Defendants have objected to Plaintiff's request as, *inter alia,* overbroad, seeking irrelevant material, and improperly attempting to obtain confidential, private information concerning the defendants. Nonetheless, the Town Defendants reiterate their willingness to produce the personnel files of current defendants to the court for an *in camera* inspection for relevant materials.

Plaintiff's document request No. 12 seeks "[t]he complete personnel file of each current and former defendant in this action." In their response and objection to Plaintiff's document requests, dated December 16, 2019, the Town Defendants objected to Plaintiff's request on numerous grounds including that a request for the entire personnel file was overbroad and constituted an unwarranted invasion of privacy. The Town Defendants also objected to production of personnel files for former defendants Wayne Ballard and Andrew Lawrence.[1] As laid out in the Town's April 10, 2020 letter to the Court, DE #105, Plaintiff signed a Release in April 2016, releasing the Town and all its employees from claims based on any pre-Release conduct. Accordingly, Plaintiff dismissed her claims against those individuals with prejudice, DE #83, #87. However, the Town Defendants offered to make the personnel files of current defendants available to the court for *in camera* review to identify any relevant material.

After meeting and conferring, the Town Defendants noted that they would take under advisement a request that narrowed the materials sought from the personnel file. In a February 21, 2020 letter, Plaintiff purported to narrow her request, asking for all "disciplinary records, counseling memos, evaluations, complaint letters, letters of acclamation and probation reports, employment applications, and personnel change forms." Plaintiff's also demanded "documents concerning medical issues that are relevant to plaintiff's claims, for example, documents reflecting drug or alcohol use by plaintiff's supervisors and coworkers[.]" In a March 3, 2020 response, the Town Defendants again objected to the "narrowed" request, noting that the requested categories of documents, unbounded by date and in no way connected to the allegations of

---

[1] Wayne Ballard was the Highway Superintendent from the time Plaintiff was hired in 2003 until December 2015. DE#75 at ¶3. Plaintiff alleged that Andrew Lawrence was second in command under Mr. Ballard. DE #75 at ¶16. Plaintiff dismissed her claims against these individuals, as they were based solely on alleged pre-Release conduct. DE #83, #87.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

8240768v.1

Hon. Paul E. Davison
April 27, 2020
Page 2

Plaintiff's complaint, remained overbroad and sought irrelevant and private information. Indeed, Plaintiff's request for documents regarding drug or alcohol use, when there are no allegations in the amended complaint regarding drug or alcohol use, demonstrate that Plaintiff's demand is designed to harass the defendants. Plaintiff continues to work for the Town and should not be permitted to go on a baseless fishing expedition in the defendants' personnel files.

Personnel files have an "inherent potential for harm or embarrassment if the information they contain is revealed." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010). Requests for the entirety of a personnel file with no proffer as to the relevance of documents within the file are not permitted. *See Babbitt v. Koeppel Nissan, Inc.*, 2019 U.S. Dist LEXIS 122649, at *3-4 (E.D.N.Y. July 23, 2019) (denying motion to compel entire personnel file and directing plaintiff to "specify the categories of documents that she seeks from the files and explain their relevance to this case."). Accordingly, it is not uncommon for the court to review such files *in camera* and permit production only of relevant materials. Indeed, courts have performed such inspection even where a protective order is in place. *See e.g. Perez v. Krugger*, 2020 U.S. Dist. LEXIS 3783, at *1 (W.D.N.Y. Jan. 8, 2020) (court conducted *in camera* review of defendants' personnel files to determine whether "such files contained documents reflecting asserted involvement by Defendants in misconduct similar to that as alleged in Plaintiff's remaining claims" even where a confidentiality agreement was also in place limiting disclosure). The case cited by Plaintiff, *Dzanis v. JP Morgan Chase & Co.*, 2011 US Dist. LEXIS 137356 (S.D.N.Y. Nov. 30, 2011), does not negate the need for *in camera* review here. In *Dzanis*, the court held that Plaintiff was not entitled to personnel files of coworkers for the asserted purpose of discovering issues "that would impact their credibility." *Id.* at *15; *see also id* at 18 ("Here, Dzanis' reasoning that employees' personnel files are discoverable because they may reveal potential impeachment or rehabilitative evidence does not meet the 'good cause' requirement of Rule 26(b)(1)."). While the court ordered some personnel files produced "for attorney's eyes only" while an appropriate protective order was negotiated, the case did not address a request for *in camera* review of personnel files. Here, the fact that the parties have a protective order in place does not mitigate the overbreadth of Plaintiff's request.

Additionally, Plaintiff's request for the personnel files of Wayne Ballard and Andrew Lawrence should be rejected for the reasons stated in the Town Defendant's April 10, 2020 letter regarding Pre-Release discovery. Documents in the files of former Town employees, against whom Plaintiff has released any and all claims, are not relevant nor are they likely to lead to relevant information concerning Plaintiff's remaining post-Release claims. *See* DE #105.

The Town Defendants remain willing to submit the personnel files of current defendants for in camera review by the Court.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*/s/ Eliza M. Scheibel*