# WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Eliza M. Scheibel
Direct dial: (914) 872-7303
eliza.scheibel@wilsonelser.com

July 31, 2020

**By ECF**

Hon. Paul E. Davison
United States Magistrate Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re**:  Victoria Malone v. Town of Clarkstown, *et al.* Docket No. 19 CV 5503 (VB)
Our File No.: 12129.00297

Dear Judge Davison:

We represent defendants the Town of Clarkstown, Tucker Connington, and David Salvo (the "Town Defendants") in the above-captioned action. We write on behalf of all defendants to ask this Court (1) to extend the duration of Plaintiff's deposition, pursuant to Federal Rule of Civil Procedure 30(d)(1); (2) to order that Plaintiff's deposition be conduct prior to the defendants' depositions; and (3) to extend the discovery deadlines by 60-days. Currently, discovery is stayed in this matter through August 14, 2020, due to the replacement of counsel for defendant Robert Klein. Additionally, a status conference is scheduled on August 14, 2020 at 9:30am.

Defendants seek to extend the duration of Plaintiff's deposition to two 7-hour days. Federal Rule 30(d)(1), provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent." The advisory committee notes to the 2000 amendments to Rule 30(d) state that good cause may be warranted to extend the duration of a deposition "[i]f the examination will cover events occurring over a long period of time" and further advise that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time." Fed. R. Civ. Proc. 30 adv. Comm. Notes to 2000 amendments; *see also, e.g., Chawla v. Metro. Oral Surgery Assocs., P.C.*, 2014 U.S. Dist. LEXIS 132541, *6 (E.D.N.Y. Sept. 19, 2014) (granting up to three days for deposition of plaintiff in employment discrimination case because plaintiff "is too important of a witness here to cut it off prematurely.").

Two days are needed to fairly examine Plaintiff due to the expanded scope of discovery, the number of defendants, and the numerous allegations in the case. At the start of discovery, the Town Defendants objected to all discovery regarding events occurring prior to April 30, 2016, when Plaintiff signed a prior release against the Town. Plaintiff opposed this limitation and raised this issue with the court. At a conference on April 29, 2020, this Court granted Plaintiff's request to pre-release discovery dating back to 2009, when Plaintiff was first hired full-time at the Highway Department. Plaintiff claims that she was subjected to a hostile work environment for over ten years at the Highway Department, that numerous co-workers made inappropriate comments to her during that time, and that she continues to suffer retaliation up the present time. It would be impossible for defendants to adequately question Plaintiff regarding over 10 years of alleged harassment in just one day.

Moreover, in addition to Plaintiff's allegations against the Town, Plaintiff named five individual defendants and has alleged that each engaged in different allegedly discriminatory conduct during her time at the Highway Department. Plaintiff levels numerous allegations against the individual defendants, including serious allegations of harassment and assault. *See e.g.,* DE # 75 at ¶28 (alleging 6 different instances of

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

8365110v.1

Hon. Paul E. Davison
July 31, 2020
Page 2

allegedly inappropriate conduct by defendant DiZenzo, ¶33-34 (additional allegations against defendant DiZenzo), ¶¶35, 36, 38, 43 (allegations of assault against 4 different co-workers), and ¶¶22, 27, 32, 38 (various allegations against other co-workers that Plaintiff did not name as defendants).  Some of the individual defendants have worked with Plaintiff since 2009 or earlier.  Accordingly, two days are necessary for all defendants to fairly examine Plaintiff regarding her allegations in this case.

Plaintiff opposes the defendants' request for additional time to depose Plaintiff.  Plaintiff has argued that the defendants should not be granted more time because the Town previously interviewed Plaintiff about her internal complaint that Defendant Lillo swung a chainsaw at her in June 2018 (one of her many allegations), and because the Town conducted a 50-h hearing.  The prior questioning of Plaintiff does not obviate the need for additional time to depose Plaintiff.  The 50-h hearing was conducted prior to this litigation, without the benefit of any written discovery. During her 50-h hearing, Plaintiff repeatedly answered that she could not recall various events and details related to her allegations, but stated that she would have to check her "notes" which had not been produced at the time.  Moreover, the individual defendants did not have an opportunity to question Plaintiff during the 50-h.  Finally, Plaintiff has also raised new claims and allegations since the 50-h that would not have been covered at the hearing, including her allegation that her continued transfer to the Town Garage constitutes ongoing retaliation and her new claim for witness intimidation.  Thus, the prior 50-h hearing, conducted before Plaintiff's lawsuit was filed or any discovery exchanged, is not a substitute for a deposition of Plaintiff.

The defendants have also encountered difficulty in scheduling plaintiff's deposition.  While the Town Defendants served plaintiff with a notice of deposition on March 6, 2020, the deposition was put on hold due to the covid-19 pandemic.  When the defendants proposed new dates for Plaintiff's deposition in July, 2020, Plaintiff declined those dates and instead demanded for the first time that some defendants appear for depositions before Plaintiff is deposed.  Plaintiff had not noticed the deposition of any defendant at that time, nor had Plaintiff ever raised this objection in opposition to the Town Defendants' notice of deposition. On July 10, 2020, Defendants informed Plaintiff that they would seek the court's intervention on this matter. Three days later, on July 13, 2020, Plaintiff hastily served deposition notices for defendants Klein, DiZenzo, and Salvo.[1]  While the defendants would have liked to resolve this scheduling issue without the court's assistance, based on Plaintiff's position, defendants also seek an order from the court that Plaintiff's deposition should be conducted first, prior to defendants' depositions, in accordance with general practice and the deposition notice served on Plaintiff in this case.  The defendants seek to schedule Plaintiff's deposition promptly upon the expiration of the stay.

Finally, the defendants seek a 60-day extension of the remaining discovery deadlines.  This would include an extension of the July 17, 2020 deadline for interrogatories, requests for admission, and additional requests for production, the August 20, 2020 deadline for all fact discovery, as well as the expert discovery deadlines.  While document discovery is likely near completion (the Town Defendants responded to Plaintiff's second set of RFPs), defendants have consistently informed Plaintiff that we wanted to depose Plaintiff prior to the July 17th deadline for interrogatories, requests for admission, and document requests. Moreover, this additional time will allow new counsel for Mr. Klein to review the case file.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*/s/ Eliza M. Scheibel*

---

[1] Plaintiff's July 13, 2020 deposition notices purport to notice defendants' depositions for August 3, 4, and 5, 2020, while offering Plaintiff for a deposition on August 15.

8365110v.1