**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

John M. Flannery<br>
Direct dial: (914) 872-7111<br>
john.flannery@wilsonelser.com

November 25, 2020

Hon. Paul E. Davison
United States Magistrate Court
For the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re**:   Victoria Malone v. Town of Clarkstown, *et al.* Docket No. 19 CV 5503 (VB)
          Our File No.:  12129.00297

Dear Judge Davison:

We submit this letter motion on behalf of defendant Town of Clarkstown for a protective order regarding Document #55 (a draft report) and Document #61 (attorney notes) from the Town's Privilege Logs.  We submit the declarations of Leslie Kahn and John M. Flannery (with exhibits) in support of this application.

A draft document sent for review by an attorney constitutes the client's communication to the attorney and is thus privileged.  *See Johnson v. J. Walter Thompson U.S.A., LLC*, 2017 U.S. Dist. LEXIS 126185, *11 (S.D.N.Y. 2017); *In re Rivastigmine Patent Litig.*, (MDL No. 1661), 237 F.R.D. 69, 86 (S.D.N.Y. 2006).  In those instances where an attorney provides advice which includes revisions to a draft, comparison of a draft document and a final document would reveal privileged communications.  *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58 (S.D.N.Y. 2010).  An attorney's notes memorializing mental impressions regarding potential litigation constitute protected opinion work product.

Document #55 is a draft of a memorandum written by Labor Counsel regarding the investigation of the harassment complaints by Victoria Malone against Brian Lillo, at a time when litigation was pending.  *See* Exhibit A; Kahn Decl. ¶¶10-13. Document #55 was sent by Labor

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates:  Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

8541569v.1

Counsel to the Town's litigation counsel to obtain legal advice regarding the pending litigation, and comparing the draft to the final report would reveal privileged legal advice. The Draft Report is thus protected by privilege and work product. The attorney notes at Document #61 constitute protected opinion work product. Kahn Aff. ¶8; *Johnson*, 2017 U.S. Dist. LEXIS 126185 at *13.

Plaintiff does not dispute that the draft report and attorney notes are privileged. Instead, Plaintiff argues that any protection is waived under FRE 502(a) by virtue of production of the final report regarding the Lillo investigation. However, FRE 502(a) calls for production of undisclosed documents "only if: . . . (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." The purpose of Rule 502(a) is "to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary," FRE 502 adv. comm. n., and "the paramount consideration is '[w]hether fairness requires disclosure,' which must be determined 'on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted,'" *Johnson*, 2017 U.S. Dist. LEXIS 126185, *21.[1]

The draft report was sent to litigation counsel for the purpose of obtaining legal advice regarding the pending litigation. The final report concerns the Town's investigation of Ms. Malone's July 2018 and January 2019 complaints against Mr. Lillo, not the Town's response to Ms. Malone's lawsuit. Ms. Kahn's notes were not provided to Mr. Toomey. The Town has produced all factual material relied on during the course of its investigations, as well as notes taken during employee interviews, and correspondence regarding the investigation. Accordingly, there is no misleading presentation of the evidence, or disadvantage to Plaintiff in assessing the

---

[1] In *Johnson*, the district court ordered in camera review of communications between the firm conducting an investigation of sexual harassment complaints and the law firm representing the corporate defendant in the related litigation, and ultimately concluded that many of the submitted documents were subject to work product protection. *See* 2017 U.S. Dist. LEXIS 126185, *26-27; *Johnson*, Dkt. 16-cv-1805 (JPO) (JCF), DE #141 (S.D.N.Y. 9/15/17).

Hon. Paul E. Davison
November 25, 2020
Page 3

investigation report.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*/s/ John M. Flannery*

8541569v.1