UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTORIA MALONE,

                       **Plaintiff,**

    *- against -*

TOWN OF CLARKSTOWN, ET AL.,

               **Defendants.**

**MEMORANDUM
AND ORDER**

19 Civ. 5503 (VB) (PED)

**PAUL E. DAVISON, U.S.M.J.**:

    By letter-motion dated November 25, 2020, defendant Town of Clarkstown seeks a protective Order with regard to two documents, which appear as ## 55 and 61 on the Town's privilege log. [Dkts. 137-39.]   Plaintiff opposes. [Dkt. 141.]   The Town has provided copies of the two contested documents to the Court for *in camera* review. Familiarity with the record is assumed.   Having reviewed the documents and considered the arguments of counsel, the Town' motion is **DENIED**.

    The Town's Twelfth, Thirteenth, and Fourteenth Affirmative Defenses as set forth in the Town's answer to the amended complaint unmistakably invoke the *Farragher/Ellerth* defense. [Dkt. 85, p. 10.]   That defense allows an employer to escape liability if it can show (1) the employer exercised reasonable care to prevent and correct any-harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities that the employer provided. *Vance v. Ball State University*, 570 U.S. 421, 423, 133 S. Ct. 2434, 186 L. Ed. 2d 565 (2013).   Because the  *Farragher/Ellerth* defense puts the reasonableness of the employer's investigation at issue,  the employer invoking the defense "waives any privilege that might otherwise apply to documents concerning that investigation."  *Barbini v. First*

*Niagara Bank, N.A.*, 331 F.R.D. 454, 460 (S.D.N.Y. 2019)(citation omitted).

Both Document # 55 (draft report) and Document # 61 (attorney notes) plainly relate to the Town's investigation of plaintiff's complaints of discrimination.  Notably, Document # 55 is a draft of a document the final version of which the Town has voluntarily disclosed to plaintiff in discovery.  Although both documents are privileged in the first instance, I find that the Town has waived its privilege for the reasons set forth above.

Motion **DENIED**.  The Clerk shall terminate Dkt. 137.

Dated: December 23, 2020
       White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.

2