

**LYONS MCGOVERN LLP**
ATTORNEYS

399 Knollwood Road, Suite 216
White Plains, NY 10603
Tel: 914.631.1336
Fax: 914.631.1161

989 Avenue of the Americas, 4th Floor
New York, NY 10018
Tel: 212.594.3087
Fax: 212.378.2054

May 7, 2021

**Via ECF**

Hon. Vincent L. Briccetti
United States District Judge
Federal Building and United States Courthouse
300 Quarropas St., Courtroom 620
White Plains, NY 10601

      Re:    <u>Malone v. Town of Clarkstown et al.</u>, No. 7:19-cv-05503-VB

Dear Judge Briccetti:

We represent Defendant Brian Lillo ("Lillo"). Pursuant to this Court's Scheduling Order and in accordance with your Honor's Individual Rules, we respectfully request a pre-motion conference to address Lillo's intent to file a motion for summary judgment.

In her Amended Complaint ("Complaint"), Plaintiff Victoria Malone ("Plaintiff") asserts allegations of gender-based discrimination against the Town of Clarkstown ("Town") and numerous individual defendants, including Lillo, alleging she was subjected to sexual harassment and a hostile work environment over the course of her 16 year tenure at the Highway Department. Specifically, Plaintiff asserts five causes of action against Lillo: (i) Gender Discrimination under §1983; (ii) Gender Discrimination under New York State Human Rights Law ("NYSHRL"); (iii) Retaliation under NYSHRL; (iv) Assault and Battery; and (vi) Intentional Infliction of Emotional Distress (IEDD).

By way of background, Plaintiff's allegations against Lillo are alleged to have occurred during 2018 after Plaintiff joined the tree cutting crew to which Lillo was assigned. Lillo's position was a Machine Equipment Operator II ("MEO-II") primarily responsible for operating tree cutting equipment, including gas powered chainsaws. Plaintiff was also an MEO-II having general laborer responsibilities. Lillo has worked on the tree crew for more than eight years during which he received training and certifications in the use and safety of a tree cutting equipment. Lillo had no supervisory authority over any member of the tree crew, including Plaintiff. The record demonstrates Plaintiff and Lillo had a friendly and positive working relationship on the tree crew until June 2018, when Plaintiff out of nowhere made a series of baseless accusations of harassment and assault against Lillo. Plaintiff's allegations resulted in Lillo's criminal arrest and a full investigation by the Town. Fortunately for Lillo, the alleged incidents were captured on video and he was fully exonerated. Despite undisputed video evidence and Lillo's exoneration Plaintiff continues to assert the same baseless allegations against Lillo in the Complaint.

To support her claims of harassment, retaliation and assault Plaintiff alleges four specific incidents involving Lillo: (i) on June 13, 2018 Lillo intentionally directed wood chips to land on her as he operated a chainsaw ("woodchips incident"); (ii) on June 28, 2018 Lillo intentionally swung a

Hon. Vincent L. Briccetti
May 7, 2021

chainsaw close to her head as he lifted it out of a truck ("chainsaw incident"); (iii) on December 13, 2018 Lillo aggressively slammed a Keybox door near her head while checking in for work ("keybox incident"); and (iv) on December 27, 2018 Lillo whipped an air hose near her head while filling a tire in the Town garage ("air hose incident").

<u>Summary Judgment is Warranted Where, as Here, the Video Evidence Blatantly Contradicts Plaintiff's Version of Events</u>

The Court should grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits, show that there is no genuine issue as to any material fact and it is clear the moving party is entitled to a judgment as a matter of law. *Fed.R.Civ.P. 56(c)*; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 128 (2d Cir.1996). On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. *Dallas Aerospace, Inc. v. CIS Air Corp.,* 352 F.3d 775, 780 (2nd Cir. 2002). However, as pertinent here, when the 'parties tell conflicting versions of an incident and <u>one version is supported by a videotape</u>, the court must credit that version of events.' (emphasis supplied) *Vazquez v Spear*, No. 12-CV-6883 VB, 2014 WL 3887880, at *2 (S.D.N.Y. Aug. 5, 2014) *citing, Carolina v. Pafumi,* 2013 WL 1673108, at *3 (D. Conn. Apr. 17, 2013).

<u>No Reasonable Jury Could Believe Plaintiff's Alleged Chainsaw and Keybox Incidents</u>

Plaintiff claims while sitting at a picnic table in the Town garage Lillo kicked a chair and intentionally swung a chainsaw near her head. Plaintiff filed a criminal complaint and Lillo was charged with Harassment 2nd. The Town initiated its own investigation of the incident. The Town's security camera in the garage captured the entire incident. Contrary to Plaintiff's claims, the video shows Lillo removing the chain saw with a covered blade out of the truck nowhere near Plaintiff or her head. In fact, the video shows Plaintiff facing away from Lillo and no one at the picnic table moving or reacting to Lillo's removal of the chainsaw. Upon its review of the video by the District Attorney's office and the Court, the criminal case was dismissed. The Town also reviewed the video and found Lillo did not violate town policy. Similarly, the security camera in the keybox room categorically refutes Plaintiff's claims of intimidation and harassment by Lillo. The video shows Lillo entering the room and soon after Plaintiff follows standing close behind him. Lillo does not interact with Plaintiff and retrieves the truck keys from the keybox without incident. The Town reviewed the same video and found Lillo committed no wrongdoing.

Lillo's motion will rely on the same video evidence to refute and seek dismissal of the same allegations Plaintiff sets forth in her Complaint regarding harassment, retaliation and assault. *See, Scott v Harris, supra* at 380 (summary judgment appropriate where the video evidence of a police car chase blatantly contradicts plaintiff's version of the events that no reasonable jury could believe it). *See also, Lin v. City of New York,* 14-CV-9994 PAE, 2016 WL 7439362 *11 (S.D.N.Y. Dec. 21, 2016) (summary judgment granted to excessive force and civil assault claims where video revealed no punching, kicking or striking alleged by Plaintiff). Further, in the absence of bodily contact there can be no claim for battery. *See, Higgins v. Hamilton,* 18 A.D.3d 436 (2nd Dept. 2005); see also *Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.,* 425 F.3d 126, 134 (2d Cir.2005)**.**

Hon. Vincent L. Briccetti
May 7, 2021

### The Woodchip Incident and Air Hose Incidents Fail to Establish Gender Based Discrimination

Plaintiff's exaggerated claim against Lillo of "deliberate physical assault" through wood chips at a tree cutting job does not establish that Defendant's conduct was objectively hostile or abusive to a reasonable person and that plaintiff subjectively perceived the environment to be abusive. *See Perry v. Slensby*, 16-CV-08947 NSR, 2018 WL 1136922 *6 (S.D.N.Y. 2018)  Each tree crew member, including Plaintiff, testified at deposition it was routine to all members (regardless of gender) to be covered in woodchips after a tree removal.  Similarly, this routine occurrence of being hit by wood chip shavings does not support Plaintiff being in reasonable apprehension of bodily harm required to establish a civil assault and battery claim, particularly where the Town issued helmets and goggles to each tree crew member to protect against such harm. *Fugazy v. Corbetta*, 34 A.D.3d 728, 825 N.Y.S.2d 120, 122 (2nd Dept. 2006).

Plaintiff offers several versions of the alleged air hose incident with Lillo none of which end with physical contact with her.  Lillo disputes the incident ever occurred.  Even assuming for purposes of the motion this air hose incident did occur, this episodic event resulting in no physical contact is insufficient to establish severe pervasive conduct to support a hostile work environment claim against Lillo. *See, Perry v. Slensby, supra; see also Alfano v Costello*, 294 F.3d 365 (2nd Cir. 2002)

Neither the alleged wood chip nor air hose incidents demonstrate "[c]onduct that is sufficiently egregious to support such a claim is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society" to support a claim for IIIED.  *See, Black v Town of Harrison*, 2002 WL 31002824 (S.D.N.Y. 2002); *see also Caravalho v. City of New York*, 2016 U.S. Dist. LEXIS 44280 *75-76 (S.D.N.Y. 2016)

Finally, in the absence of Lillo personally violating Plaintiff's constitutional rights, and Lillo having no supervisory or policy making authority with the Town, there can be no finding of individual liability against Lillo under §1983 or NYSHRL.  *See, Naumovski v. Norris*, 934 F.3d 200, 212 (2nd Cir. 2019).

Accordingly, summary judgment is warranted dismissing all claims against Lillo in this action.

Respectfully submitted,

Kyle C. McGovern

KCM/ca

cc:  All appearing counsel by ECF & email