# POLLOCK | COHEN LLP
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

---

January 3, 2022

VIA ECF

Hon. Vincent L. Briccetti
United States District Judge
300 Quarropas St., Courtroom 620
White Plains, NY 10601

      Re: *Malone v. Town of Clarkstown et al.*, No. 7:19-cv-05503-VB-PED

Dear Judge Briccetti:

      We represent plaintiff Victoria Malone in the above-referenced action. In connection with Plaintiff's opposition to the defendant Town of Clarkstown's motion for partial summary judgment, which we will file later today, we write to seek the Court's guidance as to one piece of deposition testimony that has been marked confidential by former-Defendant Brian Lillo.[1]

      The relevant testimony is about how the Defendant Town of Clarkstown told Mr. Lillo to *not* address a certain event. (Per Your Honor's individual practice 3(B), we will separately file the relevant deposition testimony under seal.) Mr. Lillo's counsel designated this testimony as confidential under this case's protective order. (ECF no. 90.)

      We have met and conferred with Mr. Lillo's counsel, who contends that the public filing of this information in conjunction with Plaintiff's summary judgment opposition would be "highly prejudicial."

      We respectfully submit that this testimony does not meet the heavy burden for sealing as defined by the Second Circuit:

> We hold that documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment. Because the First Amendment presumption gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption, the presumption of access here can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing.

---

[1] Plaintiff dismissed her claims as against Lillo by stipulation dated August 6, 2021. (ECF no. 169.)

Hon. Vincent L. Briccetti
January 3, 2022
Page 2 of 2

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). *See also In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.").

 Here, there is no reason that the public should *not* know about this kind of conduct of the Town, as reflected in the deposition testimony.

 Thank you for Your Honor's consideration in this matter.

        Respectfully submitted,

        /s/ *Adam Pollock*

        Adam Pollock

POLLOCK | COHEN LLP